EXNICIOS
*vs.*
WEISS.

The attestation of a parish judge is legal, although he subscribes himself A. B. judge, and not A. B. parish judge.

The vendee is not disturbed by the recovery of the land by an adverse claimant, in a suit, in which the former was not a party.

An injunction will not be dissolved altho' originally improperly granted, if it appear that a subsequent event will require it to issue, if disssolved.

## EXNICIOS vs. WEISS.

APPEAL from the court of the second district.

MARTIN, J. delivered the opinion of the court. The plaintiff complained, the defendant obtained an order for a writ of seizure and sale of a tract of land purchased by the former from the latter; and he alleged the writ improperly issued, because the copy of the authentic acts of sale, is not properly attested; because more is claimed than is really due, and the vendee may resist payment on the ground of disturbance, an injunction accordingly issued, which was afterwards made perpetual; whereupon the vendor appealed.

The copy is certified by " P. Daspit, judge." It is urged he ought to have subscribed himself "*parish* judge."

This is surely no *commendable* defence, it admits the correctness of the original, and the existence of the claim. This court knows officially the signatures, and consequently, the official capacities of parish judges. The *parish* judge is the officer, who, as a notary, keeps the records of conveyances in the parish, and the document purports to have been executed before the *judge* of the parish. When a pro-

cess is subscribed A. B., *clerk* we assume, he
is the clerk of the court from which the writ
issues, so, if an ordinary notary, not a parish
judge had certified the copy of a notarial act,
and subscribed himself A. B., notary public;
we would presume, he was notary of the pa-
rish in which he acted, or *the* notary or pos-
sessor of the original.

The disturbance complained of, is made to
result from the decision of a suit between other
parties than the present, in which the land has
been adjudged to a claimant adverse to the
vendor's right. This does not appear to us
any evidence of a disturbance, being *res inter
alios acta.*

It is however, shown, that since the grant of
the injunction, to the vendee (the petitioner,)
suit has been actually brought against him by
Boudreau, but the present defendant urges that
this suit having been brought since the injunc-
tion was ordered, cannot justify it.

We are of opinion that wherever a party
who has an injunction shows, that he ought
not to pay, and that if the injunction be dis-
solved, another must be granted at once, the
former injunction ought not to be dissolved.
But the injunction ought not to have been

made *perpetual;* for peradventure, the suit may terminate in favor of the applicant for the injunction.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that as far as the sum of eighty dollars, which appears to have been paid by the petitioner, it be made perpetual; and that it be continued for the balance, until the defendant shall give security to the satisfaction of the district court for the indemnification of the petitioner, against the action in which he is sued.

The costs in this court to be paid by the appellee, and in the district court by the appellant.

*Porter* for the plaintiff, *Morse* for the defendant.